29637. MURRY *v.* TILLMAN *et al.*

DECIDED DECEMBER 2, 1942.

*John F. Brannen,* for plaintiff in error. *Hinton Booth,* contra.
STEPHENS, P. J. J. G. Tillman and H. Van Buren brought

suit against Ethel Murry for $291.11 principal, together with interest and attorney's fees, on a note, a copy of which was attached to the petition. This note was dated May 29, 1939, and was for the principal sum of $472.65. It provided that on or before August 15, 1939, Ethel Murry as maker would pay to the Davison Chemical Corporation or order the principal of the note. The note was signed by J. G. Tillman "as surety." The note recited that it was given for value received in fertilizer consisting of 119 sacks of "different," and 15 sacks of soda. On the back of the note attached to the petition there appeared two entries, one dated "9/16" for $137.39 and the other for $44.15 by "1 B/c."

The defendant denied that she was indebted to the plaintiffs on the note and alleged that it was originally given to Davison Chemical Corporation on May 29, 1939; that the consideration therefor was 119 sacks of fertilizer and 15 sacks of soda, which amounted to $387.85; that this sum has been paid by the defendant, by $157.94 being paid to the Davison Chemical Corporation on September 15, 1939, and that the defendant also paid on December 15, 1939, to Hinton Booth as attorney for the chemical corporation the sum of $212.61 which included the balance of principal, interest, and costs due on the note. The defendant further alleged that she was not indebted to the plaintiffs in any sum, and that any amount on the note in excess of $387.65 was entirely without consideration "and without the knowledge of defendant."

The jury returned a verdict in favor of the "plaintiffs against defendant $291.11 principal" together with interest and attorney's fees, and judgment was entered accordingly. The defendant moved for a new trial and the exception in this court is to the judgment denying the motion.

It appears from the evidence that in the spring of 1939 Ethel Murry bought some fertilizer for her farm from Davison Chemical Corporation through J. G. Tillman, agent; that on May 29, 1939, she executed her note to the corporation; that this note embraced a bill of sale to certain crops and to four mules, and was signed by J. G. Tillman as surety; that at the time of the execution of this note the defendant owed Tillman $85; that Tillman in obtaining the note for the purchase-money of the fertilizer, which was $387.65, included in the principal of the note the $85 due him by the defendant, and the note was given for the principal

sum of $472.65; that a memorandum was placed by Tillman on the margin of the note, to wit: "J. G. Tillman personal $85;" that the defendant made two payments to the chemical company soon after the note matured, amounting to $181.54, which were credited on the note; that this reduced the note to $291.11; that $206.11 of this represented the balance due on the purchase-price of the fertilizer, and the $85 was the amount due Tillman; that in December 1939, the balance due on the note being then unpaid, the note was sent to Hinton Booth for collection; that the defendant and her husband, Arkie Murry, borrowed from Dr. H. Van Buren $212.61 in order to satisfy the balance due to the corporation, together with $6.50 interest and $9 costs; that on December 15, 1939, the money obtained by Arkie Murry from Van Buren was delivered to Hinton Booth, the attorney for the corporation, who had the note for collection; that Arkie Murry at the time told Booth that he had got the money from Van Buren with the understanding that Booth would have the company transfer the note to Van Buren and put him in the position the company was in; that Tillman agreed to wait a while for his money; that Booth receipted Ethel Murry for this money which was paid to Booth by Arkie Murry, and which Arkie Murry had obtained from Van Buren, and this money was credited on the note as of the date of its delivery to Booth; that Booth remitted to the corporation this money, and also at the same time transmitted to the company the note with the request that the company put a transfer on it, Mr. Booth at the time explaining to the company that the money was being paid for the company's interest and that Tillman's $85 interest was to remain; that the company should transfer the note to both Tillman and Van Buren and thereby put Van Buren in a position as the owner of the company's interest in the note; that the company made a transfer on the note and sent it with the transfer thereon to Booth who delivered the note to Van Buren and Tillman; that the transfer on the note entered by the chemical company reads as follows: "For value received, we hereby transfer to H. Van Buren and J. G. Tillman without recourse our interest in the balance represented by the within note and bill of sale and the property therein described." Later, Tillman and Van Buren, as transferees, brought suit on the note against Ethel Murry.

It is insisted by the defendant that when the money which had

been obtained from Van Buren was paid to Booth, the attorney for the corporation, who receipted this money to the defendant, and when the note was credited with this sum as payment by the defendant, the entire consideration for the fertilizer had been paid, and that the note had been thereby reduced in principal to the sum of $85, the amount which Tillman claimed was owed to him by the defendant.

Notwithstanding Booth may have receipted Ethel Murry for the payment on the note and there may have been credited on the note as a payment the money which had been obtained from Van Buren, it was at the time understood by Van Buren, Arkie Murry, the defendant, and Mr. Booth, that Van Buren was not paying the debt of Ethel Murry but was loaning to her the money with which to pay the debt, and was to take a transfer of the note from the payee for the balance due the payee to the extent of the amount advanced by Van Buren. Van Buren, therefore, it is clearly inferable from the evidence, obtained title to the note to the extent of the amount which he had thus advanced and which had been paid to the payee, the chemical corporation.

As to the $85 inhering in the principal of the note over and above the amount owing to the corporation for fertilizer, and which represented an alleged indebtedness to Tillman, the defense thereto is only that the defendant's promise, which was to pay this amount to the corporation, the payee of the note, was "entirely without consideration and without the knowledge of defendant." Whether or not this set up a valid defense against the payee of the note, the chemical corporation, suffice it to say that the chemical corporation is not a party to this litigation and there is presented no question for adjudication of its rights and this defendant respecting each other. As to this $85 the litigation is to be considered to be solely between one of the plaintiffs, Tillman, and this defendant. The note as originally made was by the defendant to the chemical corporation as payee, and included in the principal of the note was the $85 which it is alleged, and as appears from the evidence, represented an indebtedness from the defendant to Tillman alone, and not to the corporation.

It appears from the evidence of Tillman that at the time of the execution of the note by Ethel Murry to the company she owed him out of another and separate transaction the sum of $85, and

that this amount was, with Ethel Murry's knowledge and consent, incorporated in the principal of the note by being added to the purchase-price for fertilizer bought from the company which, by the execution of the note she was contracting to pay the chemical company for fertilizer purchased by her from it. It further appears from the testimony of Tillman that he represented the corporation when the fertilizer was sold to Ethel Murry, and that he sold it to her, but that the company would not accept her note for the fertilizer unless he indorsed it, and that he signed the note as surety. It is clearly inferable from this evidence that Ethel Murry, as respects any contractual rights of Tillman which may inhere in this note, executed the note for a valuable consideration, the consideration being that in order to facilitate the purchase of the fertilizer by her, and the acceptance of her note for the purchase-price therefor, Tillman indorsed the note to the chemical company as surety for Ethel Murry, the maker.

The evidence therefore authorized the finding that there was no lack of consideration for Ethel Murry's execution of the note which would render her not liable to Tillman in a proper suit against her for the enforcement of his right inhering in the contract represented by the note which Ethel Murry made to the company under the circumstances appearing from the evidence.

As to Tillman's right arising under the contract represented by the note to maintain a suit against Ethel Murry, for $85 which was incorporated in the principal of the note executed by her and in which the company was the sole payee, it must appear that Tillman was vested with legal title to the note. It does appear from the evidence that the payee of the note, the corporation, accepted it in an amount as principal in excess by $85 of the amount which the defendant owed for the fertilizer for which the note was taken and accepted by the company. The chemical company, at the time, knew that the $85 incorporated in the principal of the note was not due to it, and afterwards ascertained that such $85 represented a debt due by the defendant to Tillman, the chemical company's agent who negotiated a sale of the fertilizer, and obtained from the defendant the note for the purchase-price of the fertilizer. At the time of the execution of the note it appears from the evidence that Tillman knew that the $85 incorporated in the principal of the note represented a sum due to him by the defendant arising

out of another transaction, and that the defendant, with this knowledge, executed the note with knowledge that the $85 was incorporated in the principal of the note which was made payable to the company. The company therefore, after having accepted the note, and after having acquired the knowledge that $85 of the principal represented money due by the defendant to Tillman, and after having agreed and admitted that this $85 of the consideration was a debt from the defendant to Tillman, and while this was agreed to and acquiesced in by the defendant, the company stood in the attitude of a trustee, and the holder of the legal title for Tillman, cestui que trust or beneficiary.

While the corporation was the payee of the note it held the legal title thereto, and therefore had the legal right to sue on the note and recover the full amount of its unpaid face value, including the $85. The corporation held the note, to the extent of the value of $85, as trustee for Tillman. The company had an interest in the note. This interest was its right as the holder of the legal title to the extent of the unpaid balance on the note including not only the amount to which the corporation was entitled but also the $85 to which Tillman was entitled. The written transfer and indorsement by the corporation to both Tillman and Van Buren of "our interest in the balance represented by the within note," which included $212.61 plus, which Van Buren had paid on the note and the $85 represented in the face value of the note, and the surrender and delivery of the note thus indorsed to Tillman and Van Buren, conveyed title to Van Buren and Tillman of all interest which the company had in the note, either in its own right or as trustee.

Under the law and the evidence the plaintiffs were entitled to recover the face value of the note which included the amount Van Buren had paid to the company amounting to $212 plus, and the $85 which belonged to Tillman. While the interest in the amount recovered on the note by these two plaintiffs was not equal, this was no concern of the defendant. The jury were authorized to find that she owed the money to both plaintiffs. As far as the defendant is concerned "it is up to" the two plaintiffs to divide the amount recovered according to their respective interests.

The exceptions to the motion for new trial were on the general

grounds only. The evidence authorized the verdict and no error appears. *Judgment affirmed. Sutton and Felton, JJ., concur.*